1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVINA LEIPUNI PADILLA-GONZALEZ,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>  Defendant. | CASE NO. 14-cv-05552 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 24). Defendant has no objection to plaintiff's request (*see* Dkt. 27).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in

excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 25, Attachment 1). *See Grisbrecht, supra*, 535 U.S. at 808. Defendant stipulated to remand the matter subsequent to plaintiff's filing of her Opening Brief (Dkt. 18). Following a second administrative hearing, the Administrative Law Judge issued a favorable Decision, finding plaintiff disabled (*see* Dkt. 25, p. 1, Attachment 1). There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $54,049 and $13,512.25 (25%) was withheld for payment of attorney's fees (*see* Dkt. 25 at p. 2, Attachment 1). Plaintiff has moved for a gross attorney's fee of $7,512.25 and will refund the first $4,459.83 (previously awarded under the Equal Access to Justice Act (EAJA) (Dkt. 23) to plaintiff (*see* Motion, Dkt. 24, p. 1) and the Court has considered plaintiff's gross attorney's fee of $7,512.25 and the EAJA award received by plaintiff's attorney in the amount of $4,459.83; *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1      Based on plaintiff's motion and supporting documents (*see* Dkt. 24, Dkt. 25

2 w/Attachments 1, 2, 3 and Dkt. 26), and with no objection from defendant (Dkt. 27), it is hereby

3 ORDERED that attorney's fees in the amount of $7,512.25 be awarded to plaintiff's attorney

4 pursuant to 42 U.S.C. § 406(b).  Following receipt of the fee award, plaintiff's attorney will

5 refund to plaintiff $4,459.83, which was previously paid by the Commissioner under the EAJA.

6      Dated this 6th day of September, 2016.

                                                                */s/ J. Richard Creatura*

                                             J. Richard Creatura
                                             United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3